J-S36032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD MITCHELL, | : | |
| | : | |
| Appellant | : | No. 1879 WDA 2014 |

Appeal from the PCRA Order Entered October 27, 2014,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001924-1997

BEFORE:  PANELLA, JENKINS, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED JULY 09, 2015**

James Edward Mitchell (Appellant) appeals *pro se* from the order

entered October 27, 2014, dismissing his fourth petition filed pursuant to the

Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the
> date a judgment becomes final. There are three exceptions to
> this time requirement: (1) interference by government officials
> in the presentation of the claim; (2) newly discovered facts; and
> (3) an after-recognized constitutional right. When a petitioner
> alleges and proves that one of these exceptions is met, the
> petition will be considered timely. A PCRA petition invoking one
> of these exceptions must be filed within 60 days of the date the
> claims could have been presented. The timeliness requirements
> of the PCRA are jurisdictional in nature and, accordingly, a PCRA
> court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

(citations and quotation marks omitted).

---

[1] 42 Pa.C.S. §§ 9541-9546.

* Retired Senior Judge assigned to the Superior Court.

Instantly, Appellant's judgment of sentence became final on January 5, 2003, 90 days after the expiration of the time for seeking discretionary review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. The instant PCRA petition, filed on July 28, 2014, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. **See** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so in his PCRA petition.[2] Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

---

[2] Appellant claims that the instant petition is timely because it was filed within 60 days of the trial court's dismissal of his petition for *habeas corpus*. PCRA Petition, 7/28/2014, at 5. This averment does not satisfy any of the timeliness requirements under section 9545(b). Indeed, the first time Appellant attempted to invoke a valid timeliness exception was in his Reply Brief to this Court. The PCRA clearly and unambiguously requires any petition filed pursuant thereto to "be filed within one year of the date the judgment becomes final, unless **the petition** alleges and the petitioner proves" one of the three exceptions quoted above. 42 Pa.C.S. § 9545(b)(1) (emphasis added); **see also Commonwealth v. Derrickson**, 923 A.2d 466, 468-69 (Pa. Super. 2007), Moreover, to the extent that Appellant purports to challenge the legality of his sentence, we note that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015