J-S63039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                                  :               PENNSYLVANIA

              Appellee          :

                               :

                 v.               :

                               :

SHABORN WINSTON,              :

                               :

             Appellant      :        No. 1006 EDA 2015

Appeal from the PCRA Order entered on March 24, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No. CP-39-CR-0000689-2008

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED NOVEMBER 13, 2015**

Shaborn Winston ("Winston") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 9, 2008, Winston entered a negotiated guilty plea to aggravated assault.  On November 13, 2008, the trial court sentenced Winston to a jail term of not less than four months to no more than twenty-three months, followed by twelve months of probation.  Winston did not file a direct appeal.

On May 15, 2013, Winston filed a *pro se* PCRA Petition.  The PCRA court appointed Winston counsel, who subsequently filed a Petition to

withdraw as Counsel pursuant to **Turner/Finley**.[1] Following an evidentiary hearing, the PCRA court dismissed the Petition. This Court affirmed the dismissal. **See Commonwealth v. Winston**, 106 A.3d 178 (Pa. Super. 2014) (unpublished memorandum).

On March 19, 2015, Winston filed the instant PCRA Petition. After providing a Pa.R.Crim.P. 907 Notice, the PCRA court dismissed the Petition on March 24, 2015. Winston filed a timely Notice of Appeal.

On appeal, Winston raises the following questions for our review:

1. Due to [] Winston['s] mental state, can he be held aware of evidence concerning his mental diagnosis evaluation[]s through[]out his life, [if he suffered] from mental retardation and [a] learning disorder since the year 1992[?]

2. Due to the lower court not reading [] Winston his right to file a PCRA petition[,] can he still be held to the one year [timeliness] limitation[?]

Brief for Appellant at 6 (unnumbered) (capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. **Id.** The PCRA court's decision will be upheld if it is supported by the record and free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Initially, Winston is no longer serving the sentence pertaining to the conviction at issue in the instant Petition. **See also Winston**, 106 A.3d 178 (unpublished memorandum at 4-5). Thus, he is not eligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for relief, the petitioner must be currently serving a sentence of imprisonment, probation or parole for the crime).

Even if Winston was still serving a sentence, he must still comply with the PCRA's timeliness requirements. Under the PCRA, any PCRA petition, "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." **Id.** § 9545(b)(3).

Winston's judgment of sentence became final on December 15, 2008, when the time to appeal to the Pennsylvania Superior Court expired. **See** Pa.R.A.P. 903(a). Thus, Winston's instant Petition, which was filed on March 19, 2015, is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(3). Moreover, Winston has not properly pled and proven one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). **See Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (stating that petitioner must plead and prove one of the three exceptions on an untimely PCRA

- 3 -

petition). Based upon the foregoing, the PCRA court properly dismissed Winston's PCRA Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015