J-S16021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH LEE BEAVER | |
| Appellant | No. 1361 EDA 2015 |

Appeal from the PCRA Order April 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302386-2006

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                           **FILED JUNE 16, 2016**

Kenneth Lee Beaver appeals the order entered April 2, 2015, in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  Beaver seeks relief from the judgment of sentence of a term of 59 to 119 months' imprisonment imposed on October 25, 2007, after a jury found him guilty of robbery and simple assault.[1]  On appeal, Beaver claims:  (1) the PCRA court erred in denying his petition without an evidentiary hearing; and (2) the PCRA court erred by failing to find that trial counsel was ineffective for failing to object to his waiver-of-counsel colloquy.  For the reasons that follow, we affirm.

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv) and 2701(a), respectively.

Beaver's conviction arose out of robbery and assault on November 11, 2006, when Beaver hit the victim, Miguel Porfilio, on the head with a hard object while demanding money. The matter proceeded to a jury trial in September of 2007. During jury selection, Beaver was unsatisfied with his counsel's strategy, and decided that he wanted to waive his constitutional right to counsel and proceed *pro se*. The trial court conducted an oral colloquy in which it reviewed only five of the six elements listed in Pennsylvania Rule of Criminal Procedure 121. ***See*** Pa.R.Crim.P. 121(A)(2)(a)-(f).[2] At the conclusion of the colloquy, Beaver chose to waive his right to counsel and the trial court permitted the waiver, but also appointed standby counsel.

On September 24, 2007, the jury convicted Beaver of robbery and simple assault. On October 25, 2007, the trial court sentenced Beaver to a term of 59 to 119 months on the robbery conviction.[3]

On direct appeal, Beaver asserted his colloquy for waiver of counsel was constitutionally inadequate. On July 7, 2010, a panel of this Court concluded that because the Commonwealth did not inform Beaver of the elements of the charges against him, the colloquy was deficient.

---

[2] The court failed to identify the elements of the charges as required by Pa.R.Crim.P. 121(A)(2)(b).

[3] Beaver had an extensive criminal history and, with respect to the incident at issue, he robbed the victim only 36 days after being paroled from state prison.

Consequently, the panel vacated the judgment of sentence and remanded to the trial court for a new trial. *See Commonwealth v. Beaver*, 6 A.3d 549 [3199 EDA 2007] (Pa. Super. 2010) (unpublished memorandum). However, on May 3, 2011, the Pennsylvania Supreme Court vacated the panel's order and remanded to this panel with direction to address "the Commonwealth's contention that [Beaver] was represented by counsel during the waiver-of-counsel colloquy and, thus, did not sufficiently preserve by objection the contention that the colloquy was constitutionally inadequate." *See Commonwealth v. Beaver*, __ A.3d __, 2011 Pa. LEXIS 1056 [575 EAL 2010] (Pa. 2011) (*per curiam*).

On remand, this Court affirmed the judgment of sentence, finding Beaver had waived the issue regarding his colloquy.[4] *Commonwealth v. Beaver*, 32 A.3d 282 [3199 EDA 2007] (Pa. Super. 2011) (unpublished memorandum). On February 8, 2012, the Pennsylvania Supreme Court

---

[4] Specifically, the panel determined:

> Beaver was represented by counsel at the start of trial and during the waiver colloquy. In addition, at the conclusion of the colloquy, neither Beaver nor his attorney objected, and his attorney stated that no additional questions or information was necessary. It was not until after this colloquy was completed and Beaver's attorney was relegated to standby counsel that Beaver began to proceed *pro se*.

*Beaver*, 32 A.3d 282 [3199 EDA 2007] (Pa. Super. 2011) (unpublished memorandum at 3).

- 3 -

denied his petition for allowance of appeal. *See Commonwealth v. Beaver*, 37 A.3d 1193 (Pa. 2012).

Subsequently, on February 21, 2012, Beaver filed a *pro se* PCRA petition. Counsel was appointed and, on November 3, 2013, filed an amended PCRA petition, claiming that trial counsel was ineffective for failing to object to Beaver's waiver-of-counsel colloquy. The Commonwealth filed a motion to dismiss on January 7, 2015. After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on February 27, 2015. Beaver did not file a response. Thereafter, on April 2, 2015, the court entered an order, dismissing Beaver's PCRA petition.[5] This appeal followed.[6]

Based on the nature of Beaver's claims, we will address them together. First, Beaver claims the PCRA court erred in denying his petition without holding an evidentiary hearing on the issues raised in his amended PCRA petition. Beaver's Brief at 15-16. Second, he argues the PCRA court erred by failing to find that trial counsel was ineffective for failing to object to his deficient waiver-of-counsel colloquy. *Id.* at 16. As noted above, the

_____

[5] We note the Rule 907 notice and the April 2, 2015, order were not included in the certified record. Nevertheless, they were included on the docket and neither party complains the court did not enter these documents.

[6] On May 6, 2015, the PCRA court ordered Beaver to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Beaver filed a concise statement on May 26, 2015. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 11, 2015.

trial court failed to identify the elements of the charges as required by Rule 121(A)(2)(b). Beaver complains that with respect to counsel's omission, counsel failed "to ensure [Beaver's] waiver was voluntary, knowing and intelligent." *Id.* Moreover, with respect to the ineffectiveness test, he states: (1) his claim has arguable merit because this Court's July 7, 2010, decision found that the colloquy was inadequate;[7] (2) there was no reasonable basis "not to correct the colloquy;"[8] and (3) he suffered prejudice as a result because "[h]ad [Beaver] been given a correct colloquy, he likely would have proceeded with counsel."[9]

Our standard and scope of review for the denial of a PCRA petition is well-settled:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa. Super. 2011), *appeal denied,* 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007). "[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Taylor*, 933

---

[7] *Id.* at 19.

[8] *Id.* at 20.

[9] *Id.*

A.2d 1035, 1040 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008); Pa.R.Crim.P. 907(1).  "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing."  *Commonwealth v. Derrickson,* 923 A.2d 466, 468 (Pa. Super. 2007), *appeal denied,* 594 Pa. 685, 934 A.2d 72 (2007).

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015), *appeal*

*denied*, ___ A.3d ___ [547 EAL 2015] (Pa. Apr. 12, 2016).

Further, considering just the specific claim appellant has raised in this appeal, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).  As our supreme court has stated:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (case

citations omitted).

Lastly, we are also guided by the following:

- 6 -

A criminal defendant has a constitutional right, necessarily implied under the Sixth Amendment of the U.S. Constitution, to self-representation at trial. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). However, before a defendant will be permitted to proceed *pro se*, he or she must knowingly, voluntarily, and intelligently waive the right to counsel. *Commonwealth v. Blakeney*, 596 Pa. 510, 946 A.2d 645, 655 (Pa. 2008). To ensure that a waiver is knowing, voluntary, and intelligent, the trial court must conduct a "probing colloquy," which is a searching and formal inquiry as to whether the defendant is aware both of the right to counsel and of the significance and consequences of waiving that right. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1335-36 (Pa. 1995). More specifically, the court must determine the following:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2); **Blakeney**, **supra** at 655; **Starr**, **supra** at 1335.

Although our rules set forth specific requirements for a waiver colloquy, we have been careful to distinguish between a colloquy and the right that it was designed to protect, as follows:

A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." ... . [A]n on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.*, waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

**Commonwealth v. Mallory**, 596 Pa. 172, 941 A.2d 686, 697 (Pa. 2008) (applying the above principle in the context of waiver of the right to a jury trial).

As **Mallory** made explicitly clear, when a petitioner claims ineffective assistance of counsel based on a failure to object to an allegedly defective waiver colloquy, the claim must be analyzed like any other ineffectiveness claim. **Id.** at 698. The petitioner cannot prevail merely by establishing that the waiver colloquy was indeed defective in some way. Rather, the petitioner must prove that, because of counsel's ineffectiveness, he waived the constitutional right at issue unknowingly or involuntarily, and that he was prejudiced. **To establish prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right at issue**. **Id.** at 698-704. In considering such a claim of ineffectiveness, the court considers the totality of the circumstances and the entire record, not just the colloquy itself. **Id.** at 698, 704.

**Commonwealth v. Spotz**, 18 A.3d 244, 263-264 (Pa. 2011) (emphasis added).

Turning to the present matter, other than a bald assertion, Beaver has not met his burden or demonstrated that he would not have waived his right

to counsel had the trial court conducted a sufficient colloquy. Indeed, he provides no explanation as to why being informed of the elements of the offenses would have affected his decision to waive counsel.

The record shows that the trial court conducted a colloquy after Beaver indicated he wanted to represent himself at trial, including at jury selection. *See* N.T., 9/20/2008, at 21. Beaver acknowledged his right to be represented by counsel and to have free counsel appointed for him. *Id.* at 24-25. Beaver stated he was not under the influence of alcohol, prescription medication, or mental disorders that would affect his decision. *Id.* at 28-29. He indicated he was aware of the two charges he faced and the grading of those offenses. *Id.* at 26. Beaver acknowledged he would be bound by all the normal rules of procedure and evidence. *Id.* at 27. The court informed Beaver that there were certain dangers to proceeding *pro se*, dangers which he may not be familiar with but that counsel would be. *Id.* at 27. Beaver also understood that there were certain rights and defenses that would be permanently lost if not raised properly. *Id.* at 27-28. After the questioning, the trial court determined Beaver knowingly, voluntarily, and intelligently waived his right to counsel. *Id.* at 29-31. In addition, the court appointed Vincent Corrigan, Esquire, who had been serving as trial counsel to serve in the role of stand-by counsel. *Id.* at 29-30. Beaver indicated he understood the role of standby-counsel. *Id.* at 31.

Furthermore, as the Commonwealth mentions,[10] in Beaver's opening statement to the jury, he told the fact-finders why he was representing himself:

Why pro se?

Why do I represent myself?

I am self representing pro se not to make a political statement, but because I **don't and can't trust the legal profession** based on the failure to disclose.

The existing a secret law between the federal Unites States defined at 28 US 30215, a federal cooperation in the compact, the general factors states that the people and our free and habitus of the several states as title 50 USC a trading with the enemy act, war power act, modifying 5B of said act signed March 4th and March 6th of 1933 by Franklin D. Roosevelt and contendere yearly by President to date the suit to title three code of federal regulations January 1, 1997.

We have lawyers in the White House, congress in our judiciary. The court is run by lawyers and they are all legislative. The president legislates with executive quarters and presidential decisions directly the legislature legislates anything they want and conflict with Article 1 section 8 of our Constitution the judge has made knew laws by making words meaning whatever they want is called judicial construction our Constitution and the rights guaranteed by you.

N.T., 9/21/2007, at 21 (emphasis added) (grammatical errors in original).

Additionally, Beaver was previously convicted of both robbery and simple assault, and was imputably aware of the elements of those offenses. *See* N.T., 10/25/2007, at 14-15. Therefore, we find any allegation that he

---

[10] *See* Commonwealth's Brief at 10-11.

would not have waived his right to counsel if the court had properly informed him during the colloquy as to the elements of the crimes charged is improbable.[11]

Lastly, as the PCRA court pointed out:

[Beaver]'s numerous *pro se* filings between 2007 and 2014, demonstrate that he prefers acting as his own attorney and questions the competency of counsel to represent him. For example, during his self-representation in letters and filings, he often quotes legalese and cites case law, which he apparently believes counsel would have failed to present to the court for him. This is evidence that [Beaver] simply believed he could handle his case better than a seasoned court-appointed attorney.

PCRA Court Opinion, 6/11/2015, at 6-7 (footnoted omitted).

Based on the totality of the circumstances, we conclude Beaver has not demonstrated that "there [was] a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right at issue." *Spotz*, 18 A.3d at 263-264. As such, Beaver has not established prejudice, the third prong of the ineffectiveness test, and his ineffective assistance of counsel argument fails. *Franklin*, 990 A.2d at 797. Moreover, we find the PCRA court did not err in declining to hold a hearing because there was no genuine issue concerning any material fact. *Smith*, 121 A.3d at 1052.

_____

[11] *See also* Commonwealth's Brief at 11 (noting Beaver had been tried, convicted, and sentenced in three prior criminal actions involving the same crimes he faced in the present matter).

Accordingly, the PCRA court did not err in denying Beaver's petition and no relief is warranted.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016