J-S76034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL LEN SCHAFFER | : | |
| | : | |
| Appellant | : | No. 743 WDA 2018 |

Appeal from the PCRA Order April 9, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000569-2000

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:              **FILED DECEMBER 24, 2018**

Paul Len Schaffer (Appellant) appeals *pro se* from the denial of his serial petition seeking relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the relevant history of this case as follows:

> [Appellant] is serving an aggregate sentence of 26-52 years [of] imprisonment, imposed following his conviction for rape, statutory sexual assault, and related charges.  He was sentenced on June 5, 2002, at which time he was also determined to be a Sexually Violent Predator (SVP).  On appeal, this Court affirmed [Appellant]'s judgment of sentence, and our Supreme Court subsequently denied his petition for allowance of appeal on August 31, 2006.  **Commonwealth v. P.L.S.**, 894 A.2d 120 (Pa. Super. 2006), **appeal denied**, 906 A.2d 542 (Pa. 2006).  [Appellant] later unsuccessfully sought both [relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9545] and review in the federal courts.

J-S76034-18

*See Commonwealth v. Schaffer*, 1160 WDA 2014 at 1-2 (Pa. Super. July 10, 2015) (unpublished memorandum).

As a result of Appellant's unrelenting attempts to obtain post-conviction relief, the procedural history of this case is lengthy and convoluted. Of relevance to the instant appeal, on November 3, 2017, Appellant filed a petition for writ of *habeas corpus* in which he raised various illegal sentence claims. The trial court properly treated the *habeas corpus* petition as a PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . ."); **see also Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (stating that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment").

On March 5, 2018, the PCRA court issued "Notice of Intention to Dismiss PCRA Petition" consistent with Pennsylvania Rule of Criminal Procedure 907. On April 9, 2018, it entered the order dismissing the PCRA petition, from which Appellant timely appealed. Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant claims that the PCRA court erred when it "dismissed the Writ of *Habeas Corpus.*" However, before we can address this claim, we must determine whether we have jurisdiction. "Pennsylvania law

- 2 -

makes clear no court has jurisdiction to hear an untimely PCRA petition."

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010)

(quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)).

A petitioner must file a PCRA petition within one year of the date on which the

petitioner's judgment became final, unless one of the three statutory

exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of

these exceptions "within 60 days of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the

petitioner has not pled and proven any exception, "'neither this Court nor the

trial court has jurisdiction over the petition. Without jurisdiction, we simply

do not have the legal authority to address the substantive claims.'"

***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007)

(quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the trial court sentenced Appellant on June 5, 2002. This Court affirmed Appellant's judgment of sentence on February 2, 2006, and our Supreme Court denied his petition for allowance of appeal on August 31, 2006. Consequently, Appellant's request for PCRA relief is facially untimely, and he does not argue otherwise. Accordingly, we are without jurisdiction to address Appellant's appeal unless he has pled and proven one of the three timeliness exceptions of Section 9545(b)(1). **See id.**

Appellant has not attempted to plead or prove any of the timeliness exceptions of Section 9545(b)(1) in his PCRA petitions. Petition for Writ of *Habeas Corpus*, 11/3/17. As Appellant has failed to plead and prove an exception under section 9545(b)(1), we are without jurisdiction to address the merits of his appeal. **Derrickson**, **supra**.[1]

---

[1] To the extent Appellant appears to argue that his designation as an SVP renders his sentence illegal, citing this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). In **Butler**, the appellant challenged his SVP designation on direct appeal. This Court held that, in light of our Supreme Court's decision in **Muniz** and the United States Supreme Court's decisions in **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, 570 U.S. 99 (2013), "[sub]section 9799.24(e) of SORNA [relating to SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218. In challenging his SVP designation and arguing that his sentence is illegal, Appellant has not attempted to plead or prove a timeliness exception to his facially untimely PCRA petition. To the extent Appellant argues the exception set forth in Section 9545(b)(1)(iii) applies to his SVP claim, he must demonstrate that **Butler** applies retroactively to cases pending on collateral review. Because our Supreme Court has issued no such decision, Appellant cannot rely on **Butler** to meet this timeliness exception.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>12/24/2018</u>