J-S74027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINICK PEOPLES | : | |
| | : | |
| Appellant | : | No. 1170 EDA 2019 |

Appeal from the PCRA Order Entered March 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0312271-2006

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 18, 2020**

Dominick Peoples (Appellant) appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the facts and procedural history of this case:

> After a dispute over a dice game, Appellant shot and killed Lamar Canada.  A jury convicted Appellant of first-degree murder, criminal conspiracy, and possessing instruments of crime ("PIC").[FN]1   The court imposed a life sentence, and Appellant appealed.  In an unpublished memorandum filed on May 7, 2010, this Court affirmed Appellant's judgment of sentence; thereafter, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, and the United States Supreme Court denied certiorari.  ***See Commonwealth v. Peoples***, 4 A.3d 185 (Pa.

---

[*] Former Justice specially assigned to the Superior Court.

Super. 2010) (Table), *appeal denied*, 12 A.3d 752 (Pa. 2010), *cert. denied*, 563 U.S. 951, 131 S.Ct. 2131 (2011).

> FN1 18 Pa.C.S.A. §§ 2502, 903, and 907 [].

Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel[.] . . .The PCRA court issued Rule 907 notice, granted counsel's petition to withdraw, and subsequently dismissed Appellant's petition without a hearing. Appellant filed a notice of appeal[.]

*Commonwealth v. Peoples*, 408 EDA 2015, *1-2 (Pa. Super. Jan. 13, 2017) (unpublished memorandum).

On January 13, 2017, this Court affirmed the PCRA court's order dismissing Appellant's petition. *Id.* The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 21, 2017. *Commonwealth v. Peoples*, 170 A.3d 1062 (Pa. 2017) (Table).

On October 3, 2017, Appellant filed the underlying *pro se* PCRA petition. Appellant filed a subsequent *pro se* PCRA petition on October 11, 2017.[2] On February 7, 2018, Appellant retained private counsel, who entered his appearance and filed a motion for leave to file an amended PCRA petition. On May 5, 2018, Appellant filed an amended petition.

On December 19, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On March 19, 2019, the PCRA court dismissed Appellant's petition as untimely. Appellant appealed.

---

[2] Appellant's October 11, 2017 PCRA petition is identical to the petition filed on October 3, 2017.

Appellant raises two issues for review:

[1.] Did the PCRA Court violate Appellant's constitutional right to due process and fair trial by finding that the Appellant's PCRA petition was not timely filed under either the 'newly discovered evidence' or the 'governmental interference' exceptions?

[2.] Did the PCRA Court violate Appellant's constitutional right to due process and a fair trial by finding that Appellant's Petition lacked merit?

Appellant's Brief at 3.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. *See Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Further, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

---

[3] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." *Id.* This change does not impact our analysis.

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on April 16, 2008. This Court affirmed Appellant's judgment of sentence on May 7, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 16, 2010. Appellant's petition for writ of *certiorari* with the United States Supreme Court was denied on April 18, 2011. *Peoples v. Pennsylvania*, 131 S.Ct. 2131 (U.S. 2011). Therefore, Appellant's judgment of sentence became final on April 18, 2011. *See* 42 Pa.C.S.A. § 9545(b)(3).

Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final - or April 18, 2012. Appellant did not file the underlying petition, his second, until October 3, 2017. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant argues that he satisfies both the newly-discovered fact exception and the governmental interference exception to the PCRA's time bar. To qualify for the newly-discovered fact exception, a petitioner must establish that (1) he did not know the facts upon which he based his petition,

- 5 -

and (2) he could not have learned those facts earlier with the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant asserts that he meets the exception based upon his discovery, through news reports on April 26, 2017, that Detective Ronald Dove, an investigating officer in Appellant's case, was convicted of *crimen falsi* offenses in an unrelated matter. Appellant's Brief at 8. Specifically, Appellant avers that he qualifies for the exception "based on the recent discovery of two new facts: 1) lead [Detective] Dove pled guilty to crimes which are consistent with his behavior in the instant case and 2) the existence of an unconstitutional interrogation pattern and practice within the Homicide Unit which was consistent with Det. Dove's actions in the instant case." *Id.* at 7-8.

Appellant further argues that he meets the government interference exception. The government interference exception requires a petitioner to prove that his "'failure to raise the claim [or claims] *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. . . .'" *Chester*, 895 A.2d at 523 (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)) (emphasis and brackets in original). Appellant contends that "the Commonwealth interfered with his ability to present the claims pertaining to Det. Dove's misconduct earlier than he did," and as such, he satisfies the governmental interference exception to the PCRA time-bar. *Id.* at 12.

J-S74027-19

Upon review, we conclude that the PCRA court correctly dismissed Appellant's petition as untimely.[4]  Appellant's argument that he did not previously know about Detective Dove's misconduct is belied by the record. In his first PCRA petition, Appellant alleged a claim of newly-discovered evidence based upon "two newspaper articles detailing Detective Dove's dismissal from the police force." *Peoples*, 408 EDA 2015, at *12 (affirming PCRA court's dismissal).  Appellant also alleged "without support that Detective Dove forced one of the witnesses in his case to give a statement identifying Appellant as the shooter." *Id.* at *12-13.  Appellant's first PCRA petition advancing these arguments was filed on April 11, 2012.  Therefore, Appellant fails to satisfy the newly-discovered fact exception to the time bar because his claims were previously known to him, as evidenced by his 2012 PCRA petition.  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii) (A petitioner satisfies the newly-discovered fact exception when "the facts upon which the claim is predicated were unknown to the petitioner[.]").

_____

[4] Notably:

> Numerous defendants in recent years similarly and unsuccessfully have sought relief under the PCRA due to former Detective Dove's criminal misconduct.  Detective Dove was fired by the Philadelphia Police Department for allegedly covering up evidence in an unrelated homicide matter[] involving a girlfriend.  He ultimately was arrested and charged with: obstructing justice, unsworn falsification to authorities, tampering with/fabricating evidence, hindering prosecution, flight, and conspiracy.  CP-51-CR-0001382-2015, *Commonwealth v. Ronald S. Dove*.

*Commonwealth v. Johnson*, 179 A.3d 1105, 1123 n.9 (Pa. Super. 2018).

- 7 -

Appellant also fails to satisfy the government interference exception under Section 9545(b)(1)(i). As noted, Appellant advanced his arguments regarding Detective Dove in his 2012 petition. Because Appellant raised these claims in his first petition, we cannot conclude that he was precluded, because of government interference, from raising this claim earlier. *See* 42 Pa.C.S.A. § 9545(b)(1)(i) (A petitioner satisfies the governmental interference exception when "the failure to raise the claim previously was the result of interference by government officials[.]"); *see also Chester*, 895 A.2d at 523. Appellant therefore fails to satisfy any exception to the PCRA's time bar, and the PCRA court correctly dismissed his petition as untimely.

Even if Appellant successfully pled and proved an exception to the PCRA time-bar, his after-discovered evidence claim has been previously litigated. Appellant alleges that Detective Dove's unrelated criminal conduct qualifies as after-discovered evidence. *See* Appellant's Brief at 13-29. In disposing of Appellant's first PCRA petition, this Court specifically held that "Appellant fails to fulfill the requirements for obtaining relief based on after-discovered evidence" because "Appellant is unable to show how Detective Dove's subsequent misconduct bears on Appellant's own case[,]" and therefore, "the allegations Appellant touts as newly discovered evidence constitute impeachment evidence insufficient for obtaining relief." *Peoples*, 408 EDA 2015, at *13-14 (citation and emphasis omitted); *see also* 42 Pa.C.S.A. § 9543(a)(3) (To be eligible for PCRA relief, "the petitioner must plead and prove by a preponderance of the evidence . . . that the allegation of error has not

been previously litigated or waived."); 42 Pa.C.S.A. § 9544(a)(3) ("[A]n issue has been previously litigated if . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.").

In sum, Appellant has failed to plead and prove an exception to the PCRA's time bar, and his underlying after-discovered evidence claim has been previously litigated on collateral review.  Because Appellant's petition is untimely and not subject to a statutory exception to the PCRA's time bar, the PCRA court lacked jurisdiction.  We therefore affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/20