J-S45042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON DUNN | : | |
| | : | |
| Appellant | : | No. 102 EDA 2020 |

Appeal from the PCRA Order Entered November 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009554-2009

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 27, 2020**

Clinton Dunn (Appellant) appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent procedural history:

> On March 14, 2011, [Appellant] voluntarily, intelligently, and knowingly entered a negotiated guilty plea to the charges of Unlawful Contact with a Minor (F1), Statutory Sexual Assault (F2), Incest (F2), and Corruption of Minors (M1) on bill of information CP-51-CR-0009554-2009.  Following the plea, th[e trial court] imposed the negotiated sentence of [two-and-a-half to five] years of incarceration on the Corruption of Minors charge and deferred the remainder of sentencing until October 14, 2011 for the completion of a report by the Sexual Offenders Assessment Board. On October 14, 2011, th[e trial court] found [Appellant] to be a sexually violent predator and subsequently imposed the negotiated aggregate sentence of [17½ to 50] years of incarceration.

PCRA Court Opinion, 11/12/19, at 1 (unnumbered).

Appellant did not pursue a direct appeal. In the ensuing years, beginning in March 2013, Appellant filed numerous untimely and unsuccessful PCRA petitions. On July 3, 2019, Appellant filed a *pro se* motion challenging his designation as a sexually violent predator (SVP) under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, and requesting relief from SORNA's registration requirements. The PCRA court properly construed the motion as a PCRA petition.[1]

On August 14, 2019, the PCRA court issued notice of intent to dismiss Appellant's petition without further proceedings pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 26, 2019, Appellant filed a response. On November 12, 2019, the PCRA court dismissed Appellant's petition. This timely appeal followed.[2]

---

[1] The PCRA provides that "the action established in this subchapter shall be the sole means of obtaining collateral relief and encompassing all other common law remedies for the same purpose that exists when this subchapter takes effect ...." 42 Pa.C.S.A. § 9542. Our Supreme Court has held that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy is available under such enactment**." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). Further, this Court has stated that "claims challenging application of SORNA's registration provisions . . . are properly considered under the PCRA." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa. Super. 2019).

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal or issue an opinion as provided in Pennsylvania Rule of Appellate Procedure 1925, presumably because "the reasons for the order . . . already appear of record." Pa.R.A.P. 1925(a)(1).

J-S45042-20

Appellant presents several issues for our review, which he states as follows:

A.   DID APPELLANT RECEIVE A FAIR AND IMPARTIAL PLEA AGREEMENT[?]

B.   IS THE MEGAN'S LAW REQUIREMENT OF LIFE TIME UNCONSTITUTIONAL[?]

C.   WAS THERE ANOTHER ALTERNATIVE FOR APPELLANT AT THE TIME THIS AGREEMENT WAS DRAFTED[?]

D.   DID INEFFECTIVE ASSISTANCE OF COUNSEL PLAY A ROLE IN APPELLANT ACCEPTING THE AGREEMENT[?]

E.   HAS APPELLANT'S CONSTITUTIONAL RIGHTS BEEN VIOLATED[?]

F.   IS THERE A FAVORABLE SOLUTION TO THIS CASE AT BAR[?]

G.   IS THE LIFETIME MEGAN'S LAW BEEN FOUND UNCONSTITUTIONAL[?]

H.   HAS THE SEXUAL VIOLENT PREDATORY STATUS BEEN DEEMED UNCONSTITUTIONAL AND COURTS MAY NO LONGER HOLD SEXUAL VIOLENT PREDATORY HEARINGS[?]

I.   HAS ALL FOUR VERSIONS OF MEGAN'S LAW BEEN DEEMED UNCONSTITUTIONAL[?]

J.   IS THE APPELLANT SERVING AN ILLEGAL SENTENCE AND OBLIGATION WHICH VIOLATES NUMEROUS CONSTITUTIONAL RIGHTS[?]

K.   SHOULD APPELLANT BE RE-SENTENCED TO A LESSER TIME[?]

Appellant's Brief at 7 (unnumbered).

Before we address Appellant's substantive claims, we must determine whether we have jurisdiction. "Pennsylvania law makes clear no court has

- 3 -

jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Here, the PCRA court explained that because Appellant did not pursue a direct appeal, his judgment of sentence "became final on November 13, 2011,

thirty (30) days after th[e trial court] imposed sentence on October 14, 2011; thus, the deadline for a PCRA petition was November 13, 2012." PCRA Court Opinion, 11/12/19, at 4 (unnumbered); *see also* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). As Appellant filed the instant PCRA petition on July 3, 2019, it is facially untimely, and we lack jurisdiction to reach the merits of the appeal unless Appellant has pled and proven one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Derrickson*, 923 A.2d at 468.

Our review of the record reveals that Appellant has made no attempt to plead or prove any timeliness exception in his PCRA petition, nor does he attempt to do so on appeal. *See* Motion, 7/3/19; *see also* Appellant's Brief at 2-14. Within his petition, Appellant claims ineffective assistance of counsel and assails SORNA; however, Appellant does not claim that he has satisfied an exception to the PCRA's time bar. Likewise, in his brief, Appellant argues, *inter alia*, that he was charged with the wrong crimes, his plea was invalid, his sentence was harsh, the sentencing judge "lacked competency," and his counsel was ineffective — all without reference to the statutory exceptions to the PCRA time bar set forth in Section 9545(b)(1). *See id.* Accordingly, we

lack jurisdiction and authority to address Appellant's substantive claims. *See*

*Derrickson*, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/27/2020