J-S10010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :             PENNSYLVANIA
  :
          v.                   :
  :
  :
  :
RONALD TERELL STOCKTON         :
  :
          Appellant           :   No. 1571 MDA 2020

Appeal from the PCRA Order Entered November 20, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000254-2014

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:         **FILED: MAY 3, 2021**

Ronald Terell Stockton (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court, in affirming the dismissal of Appellant's second PCRA petition, relayed:

> As has been the *modus operandi* of [Appellant], his latest PCRA petition echoes a laundry list of alleged grievances against the trial court, his court-appointed trial counsel, and the Huntingdon County District Attorney. [Appellant]'s allegations, which have been previously litigated, are raised again well-after the final judgment in this case.
>
> ... [Appellant] was found guilty of one count of aggravated assault after a trial by jury on September 16, 2014. He was sentenced to 27 to 100 months in a state correctional institution to run consecutively to any sentence that he was then serving.

---

[*] Retired Senior Judge assigned to the Superior Court.

> [Appellant] subsequently filed multiple post-sentence motions and multiple appeals to the Superior Court.
>
> After the judgment of sentence was affirmed by the Superior Court on December 4, 2015, [Appellant's] petition for allowance of appeal to the Pennsylvania Supreme Court was denied at 14 MAL 2016 on April 20, 2016.
>
> [Appellant] then filed a PCRA petition that was dismissed by this court on August 15, 2017, and that dismissal was affirmed by the Superior Court on August 6, 2018, at 1421 MDA 2017. On May 3, 2019, [Appellant] filed another document entitled PCRA petition that he referred to in the preamble as a "*nunc pro tunc* PCRA petition." It is the dismissal of [the] May 3, 2019 petition that brings us to [Appellant's] latest appeal.

*Commonwealth v. Stockton*, No. 844 MDA 2019 (Pa. Super. Ct. Nov. 25, 2019) (unpublished memorandum at *1) (citing PCRA Court Opinion, 7/8/19, at 1-2).   As noted, we affirmed the dismissal of Appellant's second PCRA petition.   The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.   *Commonwealth v. Stockton*, No. 96 MAL 2020 (Pa. Aug. 12, 2020).   Approximately one month later, on September 18, 2020, Appellant *pro se* filed the underlying PCRA petition.   As with his prior petition, Appellant conceded that the petition was untimely, but claimed "newly discovered evidence that was given to Petitioner on August 10, 2020, due to the fact that when first submitted to SCI-Houtzdale's Superintendent Assistant, she failed to give Petitioner copies, and sent documents back to [the] Attorney General's Office."   *See* Appellant's Brief at 3-4; Petition, 9/18/20, at 1.   On September 30, 2020, Appellant filed a "supplemental petition with exhibits."

Thereafter, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on November 20, 2020, the court entered the order dismissing the petition. Appellant filed this appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, it filed a Pa.R.A.P. 1925(a) opinion in which it stated that its reasons for dismissing the petition were "set forth in its order and notice of intent to dismiss pursuant to Pa.R.Crim.P. 907," which the court "incorporates by reference herein." PCRA Court Opinion, 12/31/20.

On appeal, Appellant presents three questions, stated verbatim:

a.) Whether the lower court erred in determining that Appellant's Petition was untimely to unknown evidence that was newly discovered on August 10, 2020, and withheld by the prosecutor?

b.) Whether the withheld evidence violated Due Process, and that the lower court unreasonably applied **Brady**?

c.) Whether counsel was ineffective?

Appellant's Brief at 1-2.[1]

In reviewing the PCRA court's dismissal of Appellant's petition, we must examine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error."

---

[1] The Commonwealth advised this Court that "it appears [Appellant] is raising issues he has already litigated. Because there appears to be no viable new issue," it would not be filing a brief. Commonwealth Letter, 3/23/21.

*Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions (government interference, unknown facts, or a newly recognized constitutional right) applies. 42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

"A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review.'" **Monaco**, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, Appellant's petition is untimely because his judgment of sentence

became final on April 20, 2016, and this third petition was filed on September

18, 2020, more than four years later. **See** Order and Notice of Intent to

Dismiss, 10/23/20, at 1.

Although Appellant asserts his petition falls within the exception for

unknown facts and "newly discovered evidence," the record does not support

this claim. As well-stated by the PCRA court:

> [Appellant] attempts to get around the time bar of §
> 9545(b)(1) by claiming that his Petition raises two issues of
> "newly discovered evidence" under § 9545(b)(1)(ii). Specifically,
> he claims that he recently discovered disciplinary records for two
> of the Corrections Officers involved in the December 20, 2013,
> incident at SCI Smithfield that resulted in [his] conviction for
> Aggravated Assault on a Corrections Officer (18 Pa. C.S. §
> 2702(a)(3)). One of the COs, Jeremiah Kim, was given a verbal
> reprimand on March 26, 2014, for turning off a video camera
> recording the incident too early and the other CO, Ryan Willinsky,
> was given a verbal reprimand that same day for using
> "inappropriate language" while he, CO Kim, and three other COs
> attempted to restrain and gain physical control of [Appellant].
> [Appellant] asserts that these materials were withheld from
> discovery, and show that CO Kim "tampered" with the video
> evidence that was used at trial, and that CO Willinsky made the
> statement, as claimed by [Appellant], "We can fuck him up in the
> cell, it's no camera in there."
>
> In order to sustain a newly discovered evidence claim, a
> PCRA petitioner must allege and prove that: (1) the facts upon
> which the claim is predicated were unknown at the time of trial;
> and (2) such facts "'could not have been ascertained by the
> exercise of due diligence.'" **Commonwealth v. Bennett**, 593 Pa.
> 382, 396 (2007) (citing and quoting 42 Pa. C.S. § 9545(b)(1)(ii)).
> [Appellant] knows this well, having previously lost a PCRA petition
> based on a newly discovered evidence claim in the cases that lead
> to his incarceration at SCI Smithfield to begin with. **See**

- 5 -

***Commonwealth v. Stockton***, 2016 WL 1052210, at \*2-\*4 (Pa. Super. 2016) (memorandum opinion, docket no. 661 EDA 2015) (appeal from global ten to twenty year sentence upon conviction, via guilty plea, of two counts of Robbery by threatening another with immediate serious bodily injury, 18 Pa. C.S. § 3701(a)(1)(ii), docket nos. CP-51-CR-1236-2007 and CP-51-CR-2597-2007).

[Appellant's] newly discovered evidence claims fail because the facts underlying both verbal reprimands were known to him at the time of trial. In regard to the video, CO Kim was not reprimanded for "tampering" with the video, but rather turning off the camera too early. Per the written record of the reprimand and CO Kim's own written incident report, he was not given the video camera until after [Appellant] was removed from his cell to the strip search area for evaluation and treatment by medical staff, and only then after the medical staff had arrived (all of which occurred after the assault for which [Appellant] was convicted). CO Kim recorded the strip search and evaluation, the escort of [Appellant] back to his cell, and another three to five minutes of the aftermath of the incident after [Appellant] was returned to his cell. The reprimand notes that per Department of Corrections policy, once recording of an incident starts, it is to continue until the entire incident is completed, including the debriefing. The video was played at trial, so [Appellant] was certainly aware of its endpoint at that time. ***See Commonwealth v. Stockton***, 2016 WL 1052210, at \*4 (Pa. Super. 2016) ("Finally, we note that contrary to appellant's assertion, the corrected sentencing order is not a newly discovered fact because appellant's sentence was known to him, as he was present when the trial court sentenced him in open court, and he acknowledged his understanding of the sentence imposed.").

Similarly, [Appellant] cannot claim to have had no knowledge of the facts underlying CO Willinsky's reprimand for using inappropriate language, as [Appellant] was present when CO Willinsky made the statements at issue.

Order and Notice of Intent to Dismiss, 10/23/20, at 1-3.

Consistent with the foregoing, Appellant has failed to plead an exception to the timeliness requirements of the PCRA, and accordingly, we lack jurisdiction to further address Appellant's claims.[2]  ***Derrickson, supra.***

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/03/2021

---

[2] Even if Appellant's petition was timely, he would not be entitled to relief because his issues have been previously litigated or waived.  **See** Order and Notice of Intent to Dismiss, 10/23/20, at 3; **see also** Commonwealth Letter, 3/23/21.