**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Rodney DERRICKSON, Appellant.**

**No. 399 EDA 2006.**

Superior Court of Pennsylvania.

Filed April 26, 2007.

Reargument Denied June 13, 2007.

---

**4.** 23 Pa.C.S.A. §§ 101–8415.

Rodney Derrickson, appellant, pro se.

A. Sheldon Kovach, Asst. Dist. Atty., Media, for the Com., appellee.

BEFORE: JOYCE, KELLY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant appeals the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

¶ 2 The background to this matter is as follows. On October 20, 1995, Appellant was sentenced to life imprisonment for his second degree murder conviction. On November 13, 1996, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Derrickson*, 455 Pa.Super. 692, 688 A.2d 1226 (1996) (unpublished memorandum). The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on May 15, 1997. *Commonwealth v. Derrickson*, 548 Pa. 644, 695 A.2d 783 (1997).

¶ 3 Appellant filed this, his third, PCRA petition on October 17, 2005. On December 6, 2005, pursuant to Pa.R.Crim.P. 907, the PCRA court filed a notice of its intention to dismiss Appellant's petition without a hearing. Appellant timely filed a response to the court's notice of intent to dismiss. On January 25, 2006, the PCRA court formally dismissed Appellant's third

* Retired Senior Judge assigned to the Superior Court.

PCRA petition as untimely. This timely appeal followed.

¶ 4 A PCRA court may decline to hold a hearing on a PCRA petition if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001). A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Id.*

¶ 5 Moreover, under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006). "The PCRA's time restrictions are jurisdictional in nature." *Id.* "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 584 Pa. 461, 884 A.2d 848, 851 (2005)).

¶ 6 Appellant's judgment of sentence became final on August 12, 1997, 90 days after the expiration of the time for filing an application for a writ of *certiorari* with the United States Supreme Court from our Supreme Court's May 15, 1997, order. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13. Appellant filed the instant PCRA petition over eight years after his judgment became final. Accordingly, Appellant's petition is untimely, unless his petition alleged and Appellant proved that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, any petition invoking an exception provided in 42 Pa.C.S.A. § 9545(b)(1) must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

¶ 7 Appellant's PCRA petition did not allege any of the exceptions to the PCRA's one-year jurisdictional time-bar for filing a PCRA petition. The first time Appellant invoked any of these exceptions was in his response to the PCRA court's notice of intent to dismiss.

¶ 8 The PCRA clearly and unambiguously requires any petition filed pursuant thereto to "be filed within one year of the date the judgment becomes final, unless **the petition** alleges and the petitioner proves" one of the three exceptions quoted above. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Crews*, 581 Pa. 45, 863 A.2d 498, 501 (2004) (noting that the first time Crews invoked a timeliness exception was in his response to the Commonwealth's motion to dismiss his PCRA petition as untimely and quoting *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999) for the proposition that "[t]he

[PCRA] makes clear that where ... the petition is untimely, *it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies") (emphasis in the original); *see also Commonwealth v. Liebensperger*, 904 A.2d 40, 46 (Pa.Super.2006) (citing *Beasley, supra*, for the proposition that the timeliness exceptions "must be specifically pleaded or they may not be invoked").[1]

¶ 9 After a judge issues a notice of his or her intent to dismiss a PCRA petition without further proceedings and the petitioner files a response thereto, the judge is authorized to, *inter alia*, grant leave to the petitioner to file an amended petition. Pa. R.Crim.P. 907(1). Accordingly, if, after he received the PCRA court's notice of its intent to dismiss, Appellant desired to properly allege any of the exceptions enumerated under 42 Pa.C.S.A. § 9545(b)(1), then he should have sought leave to amend his petition in order to present such allegations.

¶ 10 Because Appellant's PCRA petition failed to allege any of the exceptions to PCRA's one-year jurisdictional time bar for filing a petition under the PCRA, we find that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.[2]

¶ 11 Order affirmed.

---

1. We note that the PCRA petition template widely utilized by inmates such as Appellant does not provide a designated area wherein a PCRA petitioner can invoke the exceptions to the PCRA's one-year jurisdictional time-bar. While the fault for the failure of a petitioner to invoke these exceptions falls squarely upon the petitioner, we respectfully suggest that the appropriate scrivener consider revising the PCRA petition template to address this apparent oversight.

2. The reasoning employed by the PCRA court for finding Appellant's petition untimely differs from this Court's rationale for finding the same. However, "[i]t is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772–73 (Pa.Super.2002) (quoting *Boyer v. Walker*, 714 A.2d 458, 463 n. 10 (Pa.Super.1998)).