J-S08014-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMMIT GILES, | : | |
| | : | |
| Appellant | : | No. 1498 EDA 2014 |

Appeal from the PCRA Order July 24, 2012,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0833361-1989

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 19, 2015**

Emmit Giles ("Giles") appeals the July 24, 2012 order entered by the Philadelphia County Court of Common Pleas, Criminal Division, dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> Following a bench trial, [Giles] was found guilty of first-degree murder and sentenced to a term of life imprisonment on May 8, 1991 by the Honorable Judge Michael Stiles.  [Giles] appealed to the Superior Court.  On May 27, 1992, the Superior Court affirmed the judgment of sentence.  The Supreme Court denied allocatur on March 31, 1993.
>
> Following an unsuccessful petition for federal habeas corpus relief, [Giles] filed his first PCRA petition on January 3, 1996.  Relief was denied on February 16, 2000, and the Superior Court affirmed the denial on

December 7, 2000. The Supreme Court denied allocator on June 5, 2001. On December 10, 2002, [Giles] filed his second PCRA petition. This petition was dismissed as untimely on October 20, 2003. No further appeal was filed.

PCRA Court Memorandum and Order, 7/24/12, at 1-2 (footnote omitted).

On March 13, 2012, Giles filed his third PCRA petition wherein he attempted to plead the newly discovered evidence exception to the PCRA's timeliness requirements, averring that the police provided false testimony at his trial and that police hid exculpatory evidence from the trial court. PCRA Petition, 3/15/12, at 3. On May 31, 2012, the PCRA court filed a notice of intent to dismiss Giles' PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On June 27, 2012, Giles filed a response objecting to the PCRA court's dismissal notice. On July 24, 2012, the PCRA court dismissed Giles' PCRA petition as untimely, finding that he had failed to successfully plead and prove the newly discovered evidence exception to the PCRA's timeliness requirements.

On July 29, 2013, Giles filed his fourth PCRA petition wherein he alleged that the Philadelphia County Clerk of Courts failed to transmit to this Court his notice of appeal from the July 24, 2012 order dismissing his third PCRA petition. On April 9, 2014, the PCRA court granted Giles' fourth PCRA petition, reinstating his right to appeal the July 24, 2012 order dismissing his

third PCRA petition nunc pro tunc. On May 7, 2014, Giles filed a timely notice of appeal.[1]

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor

---

[1]  We note that Giles has filed a counseled brief with our Court for this appeal.

the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Here, Giles' third PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Giles' appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See Derrickson***, 923 A.2d at 468. Here, Giles attempted to plead the newly discovered evidence exception of section 9545(b)(1)(ii), averring the police provided false testimony at his trial and also that police hid exculpatory evidence from the trial court. PCRA Petition, 3/15/12, at 3. However, in his appellate brief, rather than making any argument that he successfully pled and proved the timeliness exception of section 9545(b)(1)(ii), Giles argues the following issues:

> I. Did the trial court err in denying [Giles] an evidentiary hearing when he alleged a material issue of fact?
>
> II. Did the trial court err in not appointing the [sic] PCRA Counsel for [Giles] in PCRA proceedings in the trial court because the defendant was indigent and entitled to appointment of counsel in PCRA proceedings?

Giles' Brief at 2.

"No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). As a

- 4 -

result, Giles has waived his newly discovered evidence claim. Waiver is further supported by the fact that Giles included no argument on the issue in his appellate brief. **See** Giles Brief at 6-7. "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009)); **see also** Pa.R.A.P. 2119(a)-(b). Accordingly, Brown has waived the issue on appeal.

Moreover, even if Giles had successfully preserved his argument that his case falls under the timeliness exception of 9545(b)(1)(ii), we find that it is without merit. In his PCRA petition, Giles does not explain what false testimony police provided at trial or what evidence police kept hidden from the trial court. **See** PCRA Petition, 3/15/12, at 3. Additionally, Giles provides no indication of when he discovered this information, preventing the trial court from determining whether the facts upon which the claim is predicated were unknown to Giles and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). The trial court likewise could not determine whether Giles filed his third PCRA petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Therefore, Giles failed to plead and prove an exception under section 9545(b)(1), and we are without jurisdiction to address the merits of his appeal.

J-S08014-15

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2015