J-S63025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| YAASMIYN STRADFORD-COLEMAN | |
| Appellant | No. 1031 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004469-2013

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 27, 2015**

Appellant, Yaasmiyn Stradford-Coleman, appeals from the March 13, 2015 order dismissing, without a hearing, her first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural background of this case as follows.  On February 11, 2014, Appellant entered a *nolo contendere* plea to one count of endangering the welfare of a child (EWOC).[1]  That same day, the trial court imposed a sentence of two years' probation.  Appellant did not file a direct appeal with this Court.

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

Appellant filed a timely, counseled PCRA petition on January 8, 2015. The Commonwealth filed its answer on February 11, 2015. The next day, on February 12, 2015, the PCRA court entered an order notifying Appellant of its intention to dismiss her petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on February 13, 2015. On March 13, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition. On April 13, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant presents one issue for our review.

> [W]hether the [PCRA c]ourt abused its discretion when it dismissed [Appellant]'s PCRA petition and amended PCRA petition without a hearing[?]

Appellant's Brief at 5.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most

---

[2] We note that the 30th day fell on Sunday, April 12, 2015. Therefore, Appellant's notice of appeal was timely filed on Monday, April 13, 2015. **See generally** 1 Pa.C.S.A. § 1908. We further observe that Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Appellant's claim asserts that her trial counsel provided ineffective assistance. The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[3] U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. ***See generally Strickland v. Washington***, 466 U.S. 668, 686 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." ***Fears***, ***supra*** at 804 (brackets in original; citation omitted). To prevail on

---

[3] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. art. I, § 9. Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. ***Pierce***, ***supra*** at 976.

any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." ***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, ***Elliott v. Pennsylvania***, 135 S. Ct. 50 (2014).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, ***Roney v. Pennsylvania***, 135 S. Ct. 56 (2014).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Roney*, *supra* at 605 (citation omitted).

In her sole issue on appeal, Appellant argues that trial counsel gave her erroneous advice that the fact of her *nolo contendere* plea would not be admissible against her in future dependency or termination proceedings.[4] This issue is governed by Pennsylvania Rule of Evidence 410, which provides as follows.

> **Rule 410. Pleas, Plea Discussions, and Related Statements**
>
> **(a) Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:

---

[4] To the extent Appellant avers counsel erroneously advised her that the **factual basis** for the *nolo contendere* plea would not be admissible against her, we note Appellant raised this issue for the first time in her "amended" PCRA petition filed in response to the PCRA court's Rule 907 notice. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1084-1085 (Pa. Super. 2014) (stating, "a petitioner must request leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims[]"); *accord Commonwealth v. Derrickson*, 923 A.2d 466, 469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). Although Appellant titled her response as an amended petition, she never sought leave from the PCRA court to amend her petition. The PCRA court's order on appeal states that it was only considering her PCRA petition "filed January 8, 2015[.]" PCRA Court Order, 3/13/15, at 1. As a result, Appellant has waived these additional claims on appeal.

…

        (2) a *nolo contendere* plea;

…

Pa.R.E. 410(a)(2). As the PCRA court and the Commonwealth point out, Rule 410(a)(2) plainly prohibits the introduction of a *nolo contendere* plea. That is the end of the inquiry for this appeal. Counsel's advice was not legally erroneous, and therefore, Appellant's ineffective assistance of counsel claim lacks arguable merit. PCRA Court Opinion, 5/20/15, at 5-6; Commonwealth's Brief at 8.

However, Appellant argues that despite counsel's advice to the contrary, the agency will attempt, or has attempted to introduce Appellant's *nolo contendere* plea. Appellant's Brief at 11. Appellant does not state, and the certified record does not indicate, what the status of any dependency or termination proceedings are, or whether this issue arose therein. However, the fact that CYS might attempt to do what counsel told Appellant it cannot do does not render counsel's advice legally erroneous.

Based on the foregoing, we conclude the trial court did not abuse its discretion when it dismissed Appellant's petition without an evidentiary hearing. *See **Elliott**, **supra**; **Roney**, **supra**; **Simpson**, **supra**.* Accordingly, the PCRA court's March 13, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/27/2015