J-S45035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                                       :
                    v.                              :
                                                       :
                                                       :
BRIAN HUNTER                             :
                                                       :
                    Appellant              :    No. 3064 EDA 2019

Appeal from the PCRA Order Entered September 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208781-2004

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:               **FILED: JANUARY 11, 2021**

Brian Hunter (Appellant) appeals from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we vacate and remand.

The PCRA court summarized the procedural history of this case as follows:

> On November 22, 2003, [Appellant] was arrested and charged with involuntary deviant sexual intercourse and related offenses for having sexual contact with [the seven-year-old victim] in 1995. On April 4, 2005, [Appellant] entered into an open guilty plea before the Honorable Rose Marie DeFino-Nastasi. [Appellant] was subsequently sentenced to seven to fourteen years of imprisonment for involuntary deviant sexual intercourse plus five years of probation. He also received a concurrent sentence of five years of probation for corruption of a minor.
>
> On September 23, 2005[, Appellant] filed a Notice of Appeal to the Superior Court. On August 8, 2006, the Superior Court affirmed his judgment of sentence. On January 9, 2007, the Pennsylvania Supreme Court denied *allocatur*. [Appellant]'s

judgment of sentence became final on April 9, 2007, ninety days after the Pennsylvania Supreme Court denied *allocatur*.

PCRA Court Opinion, 12/20/19, at 1-2 (footnotes omitted).

On September 11, 2017, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel. In his petition, Appellant sought relief from the requirement that he register as a sex offender under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA).[1] **See** PCRA Petition, 9/11/17, ¶ 20-27.[2] Appellant argued that because he committed his underlying offenses in 1995, prior to the effective dates of both SORNA and Megan's Law,[3] his SORNA registration requirement is an *ex post facto* violation of the United States and Pennsylvania Constitutions pursuant to our Supreme Court's decision in **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017), *cert. denied sub nom.*, **Pennsylvania v. Muniz**, (2018). **See** PCRA Petition, 9/11/17, ¶ 20-27. In **Muniz**, the Supreme Court held the registration and reporting requirements of SORNA constitute criminal punishment, and their

---

[1] 42 Pa.C.S.A. §§ 9799.10–9799.41.

[2] The PCRA provides "the action established in this subchapter shall be the sole means of obtaining collateral relief and encompassing all other common law remedies for the same purpose that exists when this subchapter takes effect . . . ." 42 Pa.C.S.A. § 9542. Our Supreme Court has held "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy is available under such enactment**." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original).

[3] 42 Pa.C.S.A §§ 9791–9799.9.

retroactive application violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Id.* at 1223.

On April 11, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On September 30, 2019, the PCRA court dismissed Appellant's petition as untimely. Appellant timely appealed.[4]

Appellant presents the following issue for our review:

> Did the [PCRA] court err in failing to grant PCRA relief where the retroactive application of the registration requirements of SORNA and Megan's Law to criminal acts which predated the enactment of the original Megan's Law constituted an illegal sentence which violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions?

Appellant's Brief at 3.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Further, "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076,

---

[4] Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

1079 (Pa. Super. 2010) (citation omitted). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions enumerated at 42 Pa.C.S.A. § 9545(b)(1) applies. If a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Appellant filed his petition on September 11, 2017, more than ten years after his judgment of sentence became final. Thus, the PCRA court treated it as a facially untimely PCRA petition.

Recently, in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court discussed the correct way to challenge sex offender registration status, and concluded there was no one mechanism. **Lacombe**, 234 A.3d at 617. The Court noted that frequent changes to the relevant statutes, along with complicated requirements and retroactive applications, made it difficult to establish a single means to challenge requirements which are imposed years after the judgment of sentence becomes final. **Id.** at 617-18. The Court stated, "we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to

- 4 -

consider Lacombe's 'Petition to Terminate His Sexual Offender Registration Requirements.'" ***Id.*** at 618.

This Court recently interpreted ***Lacombe***, and held that the trial court erred in treating a pleading seeking removal from SORNA registry requirements as an untimely PCRA petition. ***Commonwealth v. Smith***, --- A.3d ---, 2020 WL 5755494, at *2 (Pa. Super. Sep. 28, 2020). We stated:

> [T]he ***Lacombe*** Court expressly declined "to find the PCRA, or any other procedural mechanism is the exclusive method for challenging sexual offender registration statutes[.]" ***Lacombe*** [234 A.3d at 618]. According to the Court, an offender's requirements change frequently and may be retroactively applicable. ***See id.*** Thus, the strict jurisdictional requirements of the PCRA render it unsuitable, because many registrants will be ineligible for relief on timeliness grounds or because their criminal sentence has expired while their registration requirements continue. ***See id.***
>
> For these reasons, we conclude that Appellant's Motion for Removal was not an untimely PCRA petition. His substantive claims challenging the application of Subchapter I of SORNA II's lifetime registration requirements are not cognizable under the PCRA and, thus, not subject to its time-bar. We therefore vacate the lower court's Order and remand for the court to consider his claims in the first instance.

***Id.*** at *3.

Instantly, Appellant filed a facially untimely PCRA petition challenging his SORNA registration requirements. This Court, in three recent memorandums, has relied on ***Lacombe*** and ***Smith*** to conclude that PCRA petitions challenging sex offender registration requirements should be addressed on the merits and not dismissed as untimely. ***See Commonwealth v. Richards***, 2020 WL 6581196, at *4 (123 8 WDA 2020)

(Pa. Super. Nov. 10, 2020); ***Commonwealth v. King***, 2020 WL 6581194, **4-5 (2636 EDA 2019) (Pa. Super. Nov. 10, 2020); ***Commonwealth v. Puterbaugh***, 2020 WL 6581308, at *8 (1388 MDA 2020) (Pa. Super. Nov. 10, 2020).[5]

Consistent with the foregoing, and because the PCRA court in this case did not address the merits of Appellant's claim, we vacate the order and remand for the PCRA court to address the merits.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/21

---

[5] Pennsylvania Rule of Appellate Procedure 126 was amended to allow citation of non-precedential unpublished memorandum decisions of this Court for their persuasive value, so long as the decisions were filed after May 1, 2019. ***See*** Order Amending Rule 126 of the Pennsylvania Rules of Appellate Procedure, No. 278 (Pa. 2019).