J-S04004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO GUZMAN | : | |
| | : | |
| Appellant | : | No. 2377 EDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0500771-2003

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:               **FILED MARCH 22, 2023**

Francisco Guzman (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2006, a jury convicted Appellant of first-degree murder and related offenses arising from Appellant's shooting of two men in retaliation for an unpaid drug debt.  The trial court sentenced Appellant to life in prison on April 10, 2006.  This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.  ***Commonwealth v. Guzman***, 932 A.2d 253 (Pa. Super. 2007) (unpublished memorandum),

---

[*] Retired Senior Judge assigned to the Superior Court.

***appeal denied***, 952 A.2d 675 (Pa. 2008).  Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant filed a first PCRA petition in June 2008.  The PCRA court denied relief, and this Court affirmed.  ***See Commonwealth v. Guzman***, 788 EDA 2011 (Pa. Super. 2012) (unpublished memorandum).  Appellant did not seek allowance of appeal with the Supreme Court of Pennsylvania.

Appellant filed a second PCRA petition in September 2017, which the PCRA court dismissed as untimely.  Appellant did not appeal.

On March 10, 2020, Appellant *pro se* filed the instant PCRA petition. Appellant claimed he had recently discovered new, exculpatory evidence, relayed in an affidavit from a potential witness, Teddy Gonzalez (Gonzalez).[1] Gonzalez asserted in relevant part:

> I personally know [Appellant] as "Pete."  There has never been a monetary dispute between Pete and I.  On or about December 13, 2000, I personally paid the full amount due to Pete, thus instantly concluding the matter to our satisfaction.  To my knowledge, Pete and I have prior to and afterwards remained on agreeable terms. …  I recently learned from Pete that a false motive was used to convict him: specifically involving the money owed.  The basis for that, however, cannot be true since there had never been a monetary dispute between [Pete] and I.

Gonzalez Affidavit, 5/14/19 (paragraph numbering and breaks omitted).

Appellant claimed Gonzalez's affidavit met the requirements of the newly-discovered fact exception to the PCRA's time bar, codified at 42

---

[1] Gonzalez did not testify at Appellant's trial.

Pa.C.S.A. § 9545(b)(1)(ii). PCRA Petition, 3/10/20, at 2-4.[2] According to Appellant:

> At the time of [Appellant's] trial, [] Gonzalez, (the man who the prosecutor argued had owed [Appellant] money) was and is willing to testify that he had not owed me money and remained on agreeable terms with me throughout the years.

*Id.* at 4. Appellant claimed the affidavit established Appellant's innocence because Appellant had no motive to commit the crimes. *See id.*; *see also* Commonwealth Brief at 7 (clarifying Appellant "maintained Gonzalez would be able to contradict what [Appellant] alleged to be the prosecution's theory that Gonzalez owed money to [Appellant] at the time of the shooting.").

On April 21, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without an evidentiary hearing. The court opined that it lacked jurisdiction because the petition was untimely and did not meet a timeliness exception. Notice, 4/21/22. Appellant filed a *pro se* response to the Rule 907 notice. He claimed the "PCRA Court [] overlooked and/or misinterpreted the 42 Pa.C.S. § 9545(b)(1)(ii)" timeliness exception. Response, 5/12/22, at 1 (unnumbered). Appellant further asserted, "[a]lthough Mr. Gonzalez's name was brought up numerous … [times at Appellant's trial] by both of [the] Commonwealth's key witnesses," and

---

[2] Appellant also claimed his trial counsel was ineffective for failing to interview Gonzalez. *See* PCRA Petition, 3/10/20, at 8. Appellant has abandoned this claim on appeal.

- 3 -

"[Gonzalez's] where about [*sic*] was never found until 2019…." ***Id.*** at 2 (unnumbered).

The PCRA court dismissed Appellant's PCRA petition on August 16, 2022. Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, although the court issued an opinion in support of its ruling on September 7, 2022.

Appellant presents a single question for review:

Whether the PCRA Court followed the rule established by [the] Supreme Court of Pennsylvania and effectuate[d] the General Assembly's intent, as reflected in the statute's language, when it held that an incarcerated *pro se* petitioner cannot be presumed to know facts merely because they are in the public record and ruled that [a] hearing was necessary to determine whether the petitioner acted with due diligence?

Appellant's Brief at 3.

Preliminarily, we are mindful that:

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citations omitted).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence

becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (citation omitted).

Appellant's judgment of sentence became final in 2008, after the expiration of time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S.Sup.Ct.R. 13. Thus, Appellant's petition is untimely unless he has satisfied one of the PCRA's three exceptions contained in Section 9545(b)(1)(i – iii). Any petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant invokes the newly-discovered fact exception in Section 9545(b)(1)(ii). We have explained this exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

- 5 -

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted; emphasis added).

Appellant argues the PCRA court improperly dismissed his petition because Gonzalez's affidavit satisfied the newly-discovered fact exception. *See* Appellant's Brief at 9-16. Appellant claims the affidavit undermines the Commonwealth's theory "about unpaid debts between [] Gonzalez and [A]ppellant," and establishes Appellant's "actual[] innocence of the crimes charged." *Id.* at 10. According to Appellant, the PCRA court "disregard[ed] the] words of" Section 9545(b)(1)(ii), and should have conducted an evidentiary hearing before dismissing his petition. *Id.* at 12. Appellant claims Section 9545(b)(1)(ii)

> establishes a reasonableness inquiry from the Appellant's viewpoint; this requires assessing all relevant facts before determining whether the Appellant acted diligently, rather than applying a presumption of knowledge that stops the inquiry before it begins.

*Id.*

> The Commonwealth counters,
>
> [Appellant] stated [in his PCRA petition] that "[a]t the time of the trial, [] Gonzalez (the man who the prosecutor argued had owed me money) **was** and **is** willing to testify." (PCRA, 3/10/2020, at 4) (emphasis added). However, the fact that [Appellant] knew Gonzalez, who [Appellant] said had been willing to testify at trial, is fatal to [Appellant's] claim of an after-discovered fact. If Gonzalez were now to testify in keeping with his affidavit, nothing he says would have been unknown to [Appellant] at the time of trial. [Appellant] knew Gonzalez and would have known that he could refute what [Appellant] claims was the Commonwealth's theory of the case regarding his motive.

Commonwealth Brief at 7-8 (citation modified).

The PCRA court similarly concluded Appellant failed to demonstrate that the information in Gonzalez's affidavit was previously unknown. The PCRA court explained:

> [T]he purported "fact" that Gonzalez's monetary debt was satisfactorily resolved in 2000, if true, clearly would have been known to [Appellant]. Thus, Gonzalez's memorialization of information known to [Appellant] for nearly two decades did not constitute new "facts" satisfying subsection 9545(b)(1)(ii). **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (holding that the focus of section 9545(b)(1)(ii) "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts").
>
> Even if [Appellant] was somehow unaware that Gonzalez [had] repaid his debt, [Appellant] failed to demonstrate that Gonzalez's statement could not, with the exercise of due diligence, have been obtained for over a decade. [**See Brown**, **supra** ("A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.").] Despite their agreeable relationship, [Appellant] neither detailed any attempt to contact Gonzalez nor explained why such efforts would have been unsuccessful. Moreover, Gonzalez did not express any reluctance to provide a statement earlier. Thus, [Appellant] failed to even attempt to establish the due diligence prong of subsection 9545(b)(1)(ii).

PCRA Court Opinion, 9/7/22, at 1-2.

We agree with the Commonwealth and PCRA court. We further observe that the PCRA court did not err in declining to hold an evidentiary hearing. The right

> to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

Based on the foregoing, the PCRA court properly dismissed Appellant's untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2023