J-S04035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS M. SOTO | : | |
| | : | |
| Appellant | : | No. 831 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007173-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS M. SOTO | : | |
| | : | |
| Appellant | : | No. 832 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007172-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS M. SOTO | : | |
| | : | |
| Appellant | : | No. 833 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007171-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>LUIS M. SOTO</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 834 EDA 2023</td></tr>
</table>

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007170-2013

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                      **FILED MAY 14, 2024**

Luis M. Soto ("Soto") appeals *pro se* from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 2013, Soto discharged a firearm into a large crowd of people in Philadelphia, killing one person and injuring three others, including Larry Robinson. Madeline Soberal, a witness to the shooting, was initially reluctant to speak with police, but after interacting with Officer Carmen Sanchez, identified Soto as the shooter from a photo array. Similarly, Robinson initially told Officer Jose Cartagena that he could not identify the shooter, but later identified Soto as the shooter from a photo array administered by Detective James Crone. Police arrested Soto and charged him at four separate dockets. The matter proceeded to a consolidated jury trial at which Soberal testified that she was a few feet away from Soto when he pulled out a firearm and

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

began shooting into the crowd. Officer Sanchez testified that Soberal feared for her safety if she provided a statement to police, and had to be convinced that police would ensure her safety if she agreed to provide testimony against Soto. Officer Cartegena, Detective Crone, and Robinson did not testify at trial. At the conclusion of trial, the jury convicted Soto of third-degree murder, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, possessing an instrument of crime, and three counts of aggravated assault. On December 4, 2015, the trial court sentenced Soto to an aggregate term of fifty to one hundred years' incarceration. This Court affirmed the judgment of sentence. **See Commonwealth v. Soto**, 175 A.3d 1039 (Pa. Super 2017) (unpublished memorandum). Soto thereafter timely filed an unsuccessful PCRA petition. **See Commonwealth v. Soto**, 251 A.3d 1229 (Pa. Super. 2021) (unpublished memorandum).

In May 2022, the Philadelphia District Attorney's Office sent correspondence to Soto in which it disclosed disciplinary action taken against five police officers involved in his criminal case: Officer Sanchez; Officer Cartagena; Detective Crone; Officer Moises Velez; and Officer Hayden Smith. The correspondence revealed that each of the officers had been involved in various forms of misconduct unrelated to Soto's criminal case. Pertinently, Officer Sanchez received a fifteen-day suspension after being found guilty of insurance fraud, Officer Cartegena was disciplined for using excessive force in

an unrelated criminal matter, and Detective Crone was disciplined for both a domestic violence incident and for authoring a racially offensive letter.

On July 7, 2022, Soto filed the instant *pro se* petition, his second.[2] Therein, he claimed that he was entitled to a new trial on the basis that, "had the jury been aware of the officers' history of, and propensity for misconduct at the time of his trial, the outcome would have been different*." Pro Se* PCRA Petition, 7/7/22, at 4. The Commonwealth filed a motion to dismiss the petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the evidence of police misconduct in unrelated cases did not satisfy the requirements for PCRA relief based on after-discovered evidence under 42 Pa.C.S.A. § 9543(a)(2)(vi). The PCRA court explained that the disclosure regarding Officer Sanchez would not have been admissible and would have been relevant only to impeach her credibility. The PCRA court further explained that the disclosures regarding Officer Cartegena and Detective Crone were irrelevant because neither officer testified at Soto's trial. Soto filed a response in

_____

[2] The parties agreed that the misconduct disclosures constituted newly-discovered facts, and that Soto satisfied the PCRA's timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(ii) (providing an exception to the PCRA's one-year time bar where the petitioner alleges and proves that the newly-discovered facts were unknown to the petitioner and could not have been ascertained by the exercise of due diligence). The parties also agreed that Soto complied with 42 Pa.C.S.A. § 9545(b)(2) (requiring a petitioner to file a petition invoking the newly-discovered fact exception within one year of the date the claim could have been presented).

opposition to the Rule 907 notice. On February 17, 2023, the PCRA court entered an order dismissing the petition. Soto filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925(b).

Soto raises the following issues for our review:

1. Did the PCRA court err/abuse its discretion in dismissing [Soto]'s PCRA[,] ruling that [Soto]'s newly discovered facts were "only relevant to impeach credibility?"

2. Did the PCRA court err/abuse its discretion in dismissing [Soto]'s PCRA without holding an evidentiary hearing to elicit testimony from . . . Soberal, and . . . Robinson?

3. Did the PCRA court err/abuse its discretion in dismissing [Soto's request] to amend his *pro se* petition pursuant to Pa.R.Crim.P. . . . 905?

Soto's Brief at 3 (unnecessary capitalization and quotation marks omitted).

Our standard of review of the dismissal of a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Soto challenges the PCRA court's ruling on his after-discovered evidence claim asserted pursuant to section 9543(a)(2)(vi). When

- 5 -

reviewing the PCRA court's decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. *See Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012). To be entitled to relief under this section, the petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). Further,

> . . . to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). This four-part test is conjunctive, and the appellant must show by a preponderance of the evidence that each of these factors has been met for a new trial to be warranted. *See Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

Soto contends that the PCRA court erred by dismissing his PCRA petition because the misconduct history of Officer Sanchez, Officer Cartegena, and Detective Crone, all of whom had direct involvement in Soto's criminal case, was relevant to challenge the evidence that led to his conviction and was not

mere impeachment evidence. Soto points out that whereas Robinson initially told Officer Cartagena that he could not identify the shooter, upon providing a statement to Detective Crone three days later, Robinson identified Soto as one of the shooters. Soto asserts that Detective Crone's guilty plea to police misconduct is evidence of a pattern and practice of misconduct and raises "a very real possibility that police regulations were not followed in abtaining [*sic*] . . . Robinson's witness statement and identification." Soto's Brief at 8. Similarly, Soto contends that Officer Cartegena's misconduct is relevant to whether Robinson's identification of Soto as the shooter was coerced by way of threats or intimidation by Officer Cartegena.

Additionally, Soto asserts that Soberal's identification testimony may have been coerced or otherwise improperly influenced by Officer Sanchez. He argues that Officer Sanchez's previous misconduct, combined with the fact that Soberal refused to give a written statement to police or identify Soto as the shooter until after her interactions with Officer Sanchez, raises a question as to whether Officer Sanchez improperly influenced Soberal. Soto points to Officer Sanchez's testimony that Soberal was scared, upset, nervous, and petrified, and that she had to convince Soberal to testify against Soto. Based on this testimony, Soto maintains that "[i]t was never established who . . . Soberal was afraid of" and "it was never made clear exactly how Officer Sanchez 'convinced' . . . Soberal to testify against [Soto]." Soto's Brief at 12. In sum, Soto argues that the "pattern and practice of misconduct" by Officers Cartegena and Sanchez, and Detective Crone establishes a "logical

connection" to the "wrongful identification" by Robinson of Soto as the shooter and Soberal's identification testimony at trial. *Id*. at 13.[3]

The PCRA court considered Soto's first issue and concluded that it lacked merit. The PCRA court observed that the evidence of misconduct by the officers was completely unrelated to Soto's criminal case. PCRA Court Opinion, 5/23/23, at 7. As such, the PCRA court reasoned that "the only conceivable relevance of the evidence would be to attack the credibility of the officers based on their allegedly dishonest conduct in unrelated matters." *Id*.; *see also id*. at 6 (wherein the PCRA court additionally concluded that the misconduct disclosures would not be admissible as evidence in any retrial and would not have resulted in a different verdict). On this basis, the PCRA court determined that such evidence does not satisfy the third requirement for PCRA relief based on after-discovered evidence. *Id*.[4]

---

[3] Soto also argues that he was denied his Fifth and Fourteenth Amendment rights under the United States Constitution by being deprived of an opportunity to cross-examine Robinson about any potential witness coercion and Detective Crone about his pattern and practice of misconduct. However, Soto did not raise this issue in his petition. Although Soto raised this issue in his response to the Rule 907 notice, he did not seek leave to amend his petition to include this issue. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super. 2007) (holding that a PCRA petitioner is not entitled to raise new issues in his response to the court's Rule 907 notice; instead, the petitioner is required to seek leave to amend the petition to add the issue). Accordingly, he failed to preserve it for our review. *See* Pa.R.A.P. 302(a) (providing that an issue not raised in the lower court is waived and may not be raised for the first time on appeal).

[4] The PCRA court additionally determined that, because neither Officer Cartagena nor Detective Crone testified at Soto's trial, the misconduct
*(Footnote Continued Next Page)*

After review, we conclude that the PCRA court's determination, that the after-discovered evidence presented by Soto had no other use than to impeach the credibility of the officers' testimony at trial, is supported by the record and free of legal error. With respect to Officer Cartegena and Detective Crone, the misconduct disclosures related to these officers were entirely unrelated to Soto's criminal case, and evidence of their misconduct could not have been used for any purpose because these officers did not testify at trial. Further, the only alleged interaction that these officers had with any witness was with Robinson, and he did not testify at trial or allege at any point that his identification of Soto had been coerced. Similarly, the insurance fraud misconduct committed by Officer Sanchez was wholly unrelated to Soto's criminal case and could only have been used to impeach her credibility. Moreover, there is no evidence that Officer Sanchez was involved in any improper behavior in her interactions with Soberal. Accordingly, as the misconduct disclosures could only have been used to impeach Officer Sanchez's credibility at trial, Soto has failed to satisfy the third factor required to establish a right to PCRA relief based on after-discovered evidence. For this reason, we conclude that his first issue merits no relief.

In his second issue, Soto claims that the PCRA court erred by dismissing his petition without conducting an evidentiary hearing. The PCRA court may dismiss a petition without conducting an evidentiary hearing when the court

_____

disclosures as to those officers were irrelevant. *See* Rule 907 Notice, 12/30/22, at 1.

is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to postconviction collateral relief, and no legitimate purpose would be served by any further proceedings. **See** Pa.R.Crim.P. 909(B)(2); **see also Commonwealth v. Johnson**, 139 A.3d 1257, 1273 (Pa. 2016).

Further, an evidentiary hearing is intended for the presentation of evidence, and not the potential discovery of evidence. **See Commonwealth v. Castro**, 93 A.3d 818, 828 (Pa. 2014). Such a hearing is not meant to function as a fishing expedition for any possible evidence that may support a petitioner's speculative claims or allegations. **Id**.

Additionally, in petitioning for an evidentiary hearing, the petitioner "shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1)(i). If a petitioner is unable to obtain the signature of a witness, he shall include a certification, signed by himself or counsel, stating the witness's name, address, date of birth and substance of testimony. **Id**. § 9545(d)(1)(ii). Failure to substantially comply with these requirements shall render the proposed witness's testimony inadmissible. **Id**. § 9545(d)(1)(iii).

Soto argues that the misconduct disclosures raised a material issue of fact which entitled him to an evidentiary hearing to determine whether Soberal and Robinson were coerced into identifying Soto as the shooter and providing identification testimony at trial. Soto maintains that, "[o]ther than . . .

Soberal's and . . . Robinson's tainted identification/testimony, there was no other independent evidence linking [Soto] to the shooting." Soto's Brief at 14-15. Soto insists that an evidentiary hearing was required to determine why Soberal was afraid and how Officer Sanchez convinced her to testify. Soto additionally claims that an evidentiary hearing was necessary to determine what tactics were used by Officer Cartegena and Detective Crone in obtaining Robinson's identification of Soto and why Robinson did not testify at Soto's trial.[5]

The PCRA considered Soto's second issue and determined that it lacked merit. The court reasoned as follows:

_____

[5] In support of his argument, Soto relies on **Commonwealth v. Williams**, 272 A.3d 482 (Pa. Super. 2022) (unpublished memorandum). However, as **Williams** is a non-precedential decision, we may only consider it for its persuasive value. **See** Pa.R.A.P. 126(b). Moreover, Soto's reliance on **Williams** is misplaced, as it is factually and legally distinguishable. In **Williams**, the defendant filed a pretrial motion to suppress, asserting that his confession had been coerced by Detective James Pitts. After Williams' suppression motion was denied, a jury convicted him of murder and related offenses. Williams filed an untimely *pro se* PCRA petition. While that petition was pending, Williams learned of the trial court's finding in another criminal case, **Commonwealth v. Thorpe**, CP-51-CR-0011433-2008, that Detective Pitts had a history of coercing witnesses. Williams then filed a counseled amended petition asserting the newly-discovered fact exception to the PCRA's time bar. The Commonwealth indicated that it did not oppose an evidentiary hearing to determine whether the timeliness exception applied (*i.e.*, when Williams learned of the evidence and whether he exercised due diligence). Nonetheless, the PCRA court dismissed the petition. This Court remanded the matter for an evidentiary hearing to determine whether Detective Pitts' pattern and practice of misconduct constituted a newly-discovered fact which could satisfy an exception to the PCRA's time bar. In this case, the parties stipulated that Soto satisfied the newly-discovered fact exception to the PCRA's time bar. Thus, **Williams** is inapposite.

Here, in his PCRA petition, [Soto] identified only one witness who would testify at an evidentiary hearing, that is, Assistant District Attorney Shoshana Silverstein, to confirm that she provided [Soto] with the police misconduct disclosure packet that is the basis for [his] claims. While [Soto], in his [Rule] 907 response, requested an opportunity to examine . . . Soberal and . . . Robinson at an evidentiary hearing, [Soto] never provided the required witness certifications, nor any other information, suggesting that either . . . Soberal or . . . Robinson would support [Soto's] claim that they were victims of police coercion.

Moreover, no witnesses at trial claimed that they were coerced by police, and the only evidence offered by [Soto] to the contrary was the isolated instances of unrelated police misconduct included in the police disclosure packet. Accordingly, [Soto's] claims are entirely speculative. For that reason, [Soto] was not entitled to an evidentiary hearing.

PCRA Court Opinion, 5/23/23, at 8 (citations and unnecessary capitalization omitted).

After careful review of the PCRA court's analysis, we conclude that its decision to dismiss Soto's petition without conducting an evidentiary hearing is supported by the record and free from legal error. As explained above, an evidentiary hearing is intended for the presentation of evidence, and not to be used as a fishing expedition for the **potential** discovery of evidence. **See Castro**, 93 A.3d at 828. The after-discovered evidence of unrelated police misconduct presented by Soto, without more, fails to raise a material issue of fact, since there is no evidence of any police misconduct in Soto's criminal case. Thus, an evidentiary hearing to question Soberal would have been

nothing more than a fishing expedition for the potential discovery of evidence.[6]

Moreover, Soto failed to include a witness certification regarding Soberal indicating, *inter alia*, the substance of her anticipated testimony as required by section 9545(d)(1). Given that Soto failed to comply with **any** of the certification requirements of section 9545(d)(1)(i)-(ii), even if Soto were to be granted an evidentiary hearing, any proposed testimony by Officer Sanchez would have been inadmissible. **See** 42 Pa.C.S.A. § 9545(d)(1)(iii) (providing that the failure to substantially comply with the certification requirements shall render the proposed witness's testimony inadmissible). Accordingly, Soto's second issue merits no relief.

In his final issue, Soto challenges the PCRA court's dismissal of his petition without permitting him an opportunity to amend the petition. Pennsylvania Rule of Criminal Procedure 905 provides that "[a] judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time[, and that such] [a]mendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). When a PCRA petition is defective as originally filed, "the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended

_____

[6] Although Soto requested an evidentiary hearing to question Robinson, Soto ultimately conceded that Robinson died before Soto's trial and, consequently, did not testify at trial. **See** Soto's Reply Brief at 2 n.1. Thus, Soto was not entitled to an evidentiary hearing to question Robinson, given that he is deceased.

- 13 -

petition shall be filed." Pa.R.Crim.P. 905(B). Rule 905 "indicates the desire of this Court to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003).

Soto alleges that his *pro se* petition was defective and that he should have been granted permission to amend it prior to its dismissal. Specifically, he argues that his *pro se* petition did not comply with section 9545(d)(1) in that he failed to include witness certifications for Robinson and Soberal in support of his request for an evidentiary hearing. Accordingly, Soto maintains that the PCRA court was required to indicate these defects in its Rule 907 notice to dismiss and grant him leave to amend his petition to correct the defects.

The PCRA court considered Soto's final issue and concluded that it lacked merit. The PCRA court explained that it denied Soto relief on this issue because the only request for leave to amend made by Soto was in his response to the Rule 907 notice, and the only amendment he sought was to present his claims of coercive police misconduct. **See** PCRA Court Opinion, 5/23/23, at 9-10. The PCRA court determined that the proposed amendments identified by Soto in his response to the Rule 907 notice were redundant to the claims expressed in his *pro se* petition. **See id**. at 10. Accordingly, the PCRA court determined that, because all of Soto's claims had been fully considered by the

court, Soto was not prejudiced by the court's refusal to permit his amendment request. *Id*.

Upon review, we conclude that the PCRA court's decision to deny Soto's request for leave to amend his petition is supported by the record and free from legal error. Soto did not seek leave to amend his petition to include witness certifications. Moreover, even if the PCRA court had permitted Soto leave to amend the petition to include a certification as to Soberal, he still would not have been entitled to an evidentiary hearing because he failed to raise a genuine issue of material fact necessary for the court to grant an evidentiary hearing. *See Castro*, 93 A.3d at 828 (holding that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support a petitioner's speculative claims); *see also McGill*, 832 A.2d at 1024 (explaining that a PCRA court should permit amendment when the defect is "correctable"). Consequently, because any amendment to include witness certifications would have been futile, the PCRA court was not bound by Rule 905(B). We therefore conclude that Soto's final issue merits no relief.

For the above reasons, we affirm the dismissal of Soto's second PCRA petition.

Order affirmed.

- 15 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024