J-S16043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
TIMOTHY HARMAN :
:
Appellant : No. 1205 MDA 2024

Appeal from the PCRA Order Entered July 24, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001160-2001

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
TIMOTHY A. HARMAN :
:
Appellant : No. 1206 MDA 2024

Appeal from the Order Entered July 24, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001079-2001

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
TIMOTHY HARMAN :
:
Appellant : No. 1207 MDA 2024

Appeal from the PCRA Order Entered July 24, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001478-2001

BEFORE:   LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                          **FILED JULY 15, 2025**

Timothy Harman ("Harman") takes these counseled appeals from the order dismissing his serial petition under the Post Conviction Relief Act[1] ("PCRA").  We affirm.

In 2001, Harman pleaded guilty, across fourteen dockets to "fourteen counts of burglary[.]  These offenses arose from [Harman's] participation in the breaking and entering into various churches, a private shed[,] and a residential garage and removing items from" each.  ***Commonwealth v. Harman***, 976 A.2d 1203 at 1 (Pa. Super. 2009) (unpublished memorandum).  Assistant Public Defender James Cleland, Esquire ("Plea Counsel"), represented Harman.  "The plea agreement did not have an agreement towards the sentence."  Opinion & Order, 11/8/12, at 1.  On February 5, 2002, the trial court imposed an aggregate sentence of twenty-eight to fifty-six years' imprisonment.

At this juncture, we note the instant appeals involve three of Harman's trial dockets: CP-41-CR-0001160-2001 ("Docket 1160"); CP-41-CR-0001079-2001 ("Docket 1079"); and CP-41-CR-0001478-2001 ("Docket 1478").

Harman filed a timely post-sentence motion at Docket 1160.  The trial court denied it on February 22, 2002.  Harman did not file post-sentence

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

motions at the other two trial dockets, and he did not file a direct appeal in any of his trial dockets.

Previously, in April 2012, Harman filed a *pro se* PCRA petition in the three instant trial dockets. The PCRA court dismissed this petition on the ground the petition was untimely.[2] Harman did not appeal.

On May 22, 2024, Harman filed the underlying, counseled "Motion to Reinstate Right to Direct Appellate Review *Nunc Pro Tunc*." Harman averred that: (1) shortly after sentencing, he notified Plea Counsel that he wished to file a notice of appeal; (2) Plea Counsel acknowledged this request, but advised his post-sentence motion was still pending; (3) in July 2002, Plea Counsel mistakenly notified Harman that the trial court had not yet ruled on

_____

[2] The PCRA court did not appoint counsel for this petition, reasoning that it was not Harman's first PCRA petition.

We note that in November 2003, Harman did file a *pro se* PCRA petition, but at another trial docket, and not the instant three trial dockets. In any event, in that 2003 petition, Harman averred, *inter alia*, the ineffectiveness of trial counsel for failing to file a direct appeal — the same issue raised in the present petition. **See Harman**, 976 A.2d 1203 at 2 (unpublished memorandum). The PCRA court appointed counsel and "granted additional time to file an amended petition. However, no such petition was ever filed." **Id**. Ultimately, the PCRA court dismissed the *pro se* petition as untimely, and Harman did not appeal.

Subsequently, in June 2008, Harman filed a *pro se* writ of *habeas corpus*, again at a trial docket not implicated in this appeal. The PCRA court treated it as an untimely PCRA petition and dismissed it. Harman appealed, and this Court affirmed. **See Harman**, 976 A.2d 1203 at 7 (unpublished memorandum). It is from that panel's memorandum that we glean the above additional procedural history.

his post-sentence motion, where in fact the court had denied it five months earlier; and (4) Plea Counsel never filed a notice of appeal on his behalf. Harman sought reinstatement of his direct appeal rights because "he was deprived entirely of his right to appellate review through no fault of his own." Motion to Reinstate Right to Direct Appellate Review *Nunc Pro Tunc*, 5/22/24, at unnumbered 3.  Harman's motion made no reference to the PCRA and did not invoke any PCRA timeliness exception.  Additionally, Harman did not identify any issue that he would pursue in a reinstated direct appeal.

On May 31, 2024, the PCRA court issued Rule 907 notice of intent to dismiss Harman's motion without a hearing.  It found: (1) the motion fell under the domain of the PCRA; (2) however, the motion was "untimely by more than [twenty] years" and did not allege any timeliness exception; and thus (3) the court lacked jurisdiction to hold an evidentiary hearing or grant relief.  Opinion & Order, 5/31/24, at 1-2.

Harman filed a counseled response, invoking for the first time the PCRA's governmental interference exception.  ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i).  In support, he averred that Plea Counsel, who was an assistant public defender, was acting in his capacity as a government official. The PCRA court disagreed and dismissed Harman's motion on July 24, 2024.

Harman timely filed three separate notices of appeal at each trial docket.[3] The PCRA court did not require him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. This Court *sua sponte* consolidated Harman's appeals.

Harman presents two issues for our review:

(1) Whether the [PCRA] court abused its discretion and/or committed an error of law in treating [Harman's] Motion to Reinstate Right to Direct Appellate Review *Nunc Pro Tunc* as a [PCRA] petition and in dismissing said Motion as untimely.

(2) Whether the [PCRA] court abused its discretion and/or committed an error of law by dismissing [Harman's] Motion to Reinstate Right to Direct Appellate Review *Nunc Pro Tunc* without a hearing on the merits.

Harman's Brief at 4.

On appeal, Harman concedes the PCRA court properly treated his motion to reinstate direct appeal rights as a PCRA petition, and that he filed the motion beyond the general one-year filing period. However, he avers the court erred in finding the governmental interference timeliness exception did not apply. In his second issue, Harman claims the court erred in denying an evidentiary hearing. We consider the applicable standard of review:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it

---

[3] ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (holding that Pa.R.A.P. 341(a) requires, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed[, and t]he failure to do so will result in quashal of the appeal").

is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. . . .

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

This Court has explained: "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quotation marks and some citations omitted).

Generally, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). For PCRA purposes, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A petitioner may file a petition beyond the general one-year deadline, however, if:

the **petition** alleges and the petitioner proves that:

. . . the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

42 Pa.C.S.A. § 9545(b)(1)(i) (emphasis added). As Harman acknowledges, subsection 9545(b)(4) provides: "For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S.A. § 9545(b)(4). In any event, any petition invoking a timeline exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(3).

Additionally, we note that a petitioner waives a timeliness exception if he fails to include it in a PCRA petition, and instead presents it for the first time in a response to a court's Rule 907 notice. *See Derrickson*, 923 A.2d at 468 (emphasizing that subsection 9545(b)(1) "clearly and unambiguously requires the *petition* to allege and the petitioner to prove a timeliness exception). A petitioner similarly waives a claim if he raises it for the first time in a PCRA appeal. *See Commonwealth v. Steele*, 961 A.2d 786, 809 (Pa. 2008); *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). "Finally, A PCRA court may decline to hold a hearing on a PCRA petition if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Derrickson*, 923 A.2d at 468.

As stated above, Harman acknowledges that he filed the underlying motion after the PCRA's general one-year filing period expired.[4] However, he avers the PCRA court erred in declining to apply the government interference timeliness exception. He present the following arguments in support.

First, Harman concedes that section 9545(b)(4) of the PCRA provides that "'government officials' shall not include defense counsel, whether appointed or retained." Harman's Brief at 10-11 (*citing* 42 Pa.C.S.A. § 9545(b)(4)). Nevertheless, Harman contends that section (b)(4) should apply only "to private counsel and court-appointed conflict counsel, not public defenders." **Id**. at 11. In support, he reasons that "[t]raditionally, the courts and the legislature treat them wholly different:"

_____

[4] As stated above, Harman filed a post-sentence motion at Docket 1160, which the trial court denied on February 22, 2002. Harman had thirty days from that date, or until Monday, March 25, 2002, to file a notice of appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.A.P. 903 (requiring the notice of appeal to be filed within thirty days from the entry of the order). Because Harman did not file a notice of appeal, his judgment of sentence became final on that day, March 25, 2002, and he then generally had one year, or until March 25, 2003, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i).

At Dockets 1079 and 1478, Harman did not file a post-sentence motion. Thus, his thirty-day period to file a notice of appeal began to run on February 5, 2002, the date of sentencing, and ended on March 7, 2002. Harman's judgment of sentence became final on that day, and he had one year, until March 7, 2003, to file a PCRA petition. He filed the underlying motion to reinstate his direct appeal rights more than twenty-two years later, on May 22, 2024.

> [P]ublic defenders are employed by a government entity and subject to laws governing disclosure of finances on an annual basis, just as all elected government officials are. Meanwhile, court appointed conflict counsel are private attorneys [who] are not subject to the same disclosure laws as public defenders. Thus, they cannot and should not be treated the same under [section] 9545(b)(4).

*Id*. at 11-12 (citation omitted).

Against the foregoing claims, Harman asserts he properly raised a timeliness exception and the PCRA court should have granted an evidentiary hearing on his claim. Harman also avers that under Pa.R.Crim.P. 904(c),

> an indigent defendant shall be appointed legal counsel on his first PCRA petition. . . . [H]ad the PCRA court appointed legal counsel to amend [his] *pro se* petitions as early as 2012, legal counsel likely would have amended those petitions to properly make those assertions. He was never afforded that chance because the court deemed him undeserving of the assistance of counsel due solely to the length of time that had elapsed since his sentencing.

Harman's Brief at 12. Finally, Harman alleges he "has an argument that the . . . original sentence was overly harsh, prejudicial, and improper, but [Plea Counse;] failed in his duty . . . to file a direct review and advise his client of his rights under the PCRA." *Id*. at 13.

We determine that Harman has waived any reliance on the section 9545(b)(1)(ii) government interference exception, as he failed to invoke it in his underlying motion to reinstate his direct appeal rights. Instead, he raised it for the first time in his response to the PCRA court's Rule 907 notice. *See Derrickson*, 923 A.2d at 468; *see also* 42 Pa.C.S.A. § 9545(b)(1) (requiring the PCRA *petition* to invoke an untimeliness exception).

We similarly conclude Harman has waived all of his additional arguments — that the courts should treat assistant public defenders differently from other defense attorneys, and that he would pursue a sentencing claim if the court reinstated his direct appeal rights. Harman did not include these issues in his underlying motion or response to the Rule 907 notice. Instead, he presents them for the first time on appeal. *See Steele*, 961 A.2d at 809; *see also* Pa.R.A.P. 302(a).

As we determine Harman was waived all of his claims, we conclude no relief is due. Thus, we affirm the order of the PCRA court dismissing his motion to reinstate direct appeal rights *nunc pro tunc*.

Order affirmed.


Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/15/2025